# Harnish, Administrator, &c., and Keemer *versus* Herr.

1. The plaintiff cannot testify in a suit against an administrator as to facts which occurred during the life-time of defendant's decedent.

2. A mechanic's lien was filed against two persons as owners. Subsequently one of them died and his administrator was substituted. On the trial the jury was sworn as to both defendants. The plaintiff offered himself as a witness with reference to the terms of the original contract, contending that he was not disabled from testifying by reason of the fact that the action was against an administrator, because said administrator was not a necessary party to the suit, his decedent having been merely the agent of the co-defendants in contracting for the building. This fact he also proposed to testify to. *Held*, that the name of the administrator not having been stricken off the record, and the jury having been sworn to try the case as against him, the plaintiff was incompetent to testify as to either of the points above stated.

3. Where a contract to erect a building has been entered into with the owner through an agent, it is not necessary upon subsequently filing a mechanic's lien against said building, to specify the kind of work done or materials furnished, as in the case of a contract entered into with a contractor.

May 3d 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lancaster county.* Of May Term 1881, No. 101.

Scire facias sur mechanic's lien by Henry S. Herr against Henry H. Harnish, administrator of Michael S. Harnish, deceased, and James Keemer.

The lien was originally filed against Michael S. Harnish and James Keemer, owners, or reputed owners, and contractors. Michael S. Harnish having died, his administrator, Henry H. Harnish, was substituted. To the sci. fa. the defendants pleaded *nunquam indebitatus*, payment, payment with leave, &c.

When the case was called for trial, before LIVINGSTON, P. J., the plaintiff asked to have the jury sworn as to the defendant, James Keemer, as owner and contractor alone. The defendant objected on the ground that, although this is a proceeding *in rem*, it may affect the interests of all the parties. Objection sustained.

The following facts appeared: the property against which the lien was filed originally belonged to A. W. Harnish, who, by articles of agreement dated in March 1876, contracted to sell the same to Michael S. Harnish for $5,000. No deed was ever made to Michael S. Harnish, but A. W. Harnish, by in-

[Keemer *v.* Herr.]

denture dated April 3d 1876, recorded July 6th 1876; granted and conveyed the premises to John S. Harnish and James Keemer, as tenants in common. John S. Harnish was a son of Michael S. Harnish, who was insolvent. On November 8th 1876, Michael S. Harnish entered into a contract, in writing, with the plaintiff, Herr, to erect a tobacco warehouse on the premises for $2,400—$1,200 payable when the building should be under roof, and $1,200 payable on its completion. On December 20th 1877, John S. Harnish conveyed his interest in the premises to James Keemer. Michael S. Harnish paid $1,000 on account of said contract, and the lien was filed for $1,500, the balance claimed to be due. The bill of particulars filed was as follows:

WEST WILLOW, Pa., 17th Sept. 1878.

Michael S. Harnish to Henry Herr, Dr., to building brick tobacco warehouse in West Willow, Lancaster county, per contract and for extra materials and labor,   .   $2,500 00
Cr. by cash received to date, .   .   .   .   . 1,000 00
                                                     ――――――
Balance due,        .      .      .      .     $1,500 00

The plaintiff claimed that Michael S. Harnish, in making the contract for the erection of the building, was acting as agent for James Keemer, the owner. The testimony in relation to such agency was contradictory.

The plaintiff's counsel called Henry S. Herr, the plaintiff, to testify in his own behalf. Objected to, this being an action against the administrator of Michael S. Harnish and James Keemer. Plaintiff's counsel replied that the title to the land never having been in Michael S. Harnish, this proceeding, being *in rem*, cannot affect his estate, he having been only an agent or superintendent for Keemer. Objection overruled, and witness admitted to testify. Exception.

The defendant presented, *inter alia,* the following point:

2. The lien filed in this case is not binding upon the defendant's real estate, because it does not set forth sufficient particulars to bind an owner when the contract was not made with him. *Answer.* If the jury find from all the evidence that Michael S. Harnish, in making this contract for this building, acted as the agent of Keemer in putting up the building, the lien is sufficient. If the jury found Harnish was not the agent of Keemer, was acting on his own responsibility and without authority from Keemer, then the law as stated in this point is correct.

The court in the general charge submitted the question of agency to the jury, and instructed them that if they found that

Michael S. Harnish acted as agent for Keemer in making the contract for the erection of the building, their verdict should be for the plaintiff.

Verdict and judgment for the plaintiff for $1,724.52. The defendants took this writ of error, assigning for error, *inter alia*, the admission of the plaintiff as a witness, the answer to their second point, and the submission of the question of agency to the jury.

*A. O. Newpher* and *D. G. Eshleman*, for the plaintiffs in error.

*H. M. North* (*B. F. Graff* with him), for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the Court, October 3d 1881.

But for a single error this judgment might have been affirmed. The court below permitted the plaintiff to testify, notwithstanding the fact that the action was against an administrator. It is settled by several authorities that the Act of 1869 does not apply in such cases: Taylor *v.* Kelly, 30 P. F. S. 95 ; Hoopes *v.* Beale, 9 Norris 82 ; Gamble *v.* Hepburn, Ibid. 439. It was said, however, that the administrator of Michael S. Harnish was not a necessary party; that Harnish was the mere agent of Keemer, the owner of the property against which the claim was filed. Yet the record shows no motion on the part of the plaintiff to amend by striking out the name of the administrator as a party defendant. He did ask to have the jury sworn only as to Keemer, which was objected to by defendants, and the objection sustained by the court. It was the right of the defendants to have the jury sworn as to the administrator so long as he was suffered to remain a party to the record. It will not be pretended that if Harnish had been the contractor for the erection of the building, had been included in the claim and sued as such, the plaintiff would have been competent to testify in a suit against his administrator. Harnish and Keemer were sued as owners or reputed owners. Whether Harnish was such owner, or merely the agent of Keemer, was one of the questions involved in the trial. The plaintiff was not a competent witness upon this point, nor as to any other matter which had occurred prior to the death of Michael S. Harnish.

The claim would not have been sufficient had the contract been with a contractor, for the reason that it does not set out

[McGettrick's Appeal.]

the particulars thereof. Lee *v.* Burke, 16 P. F. S. 336, decided that when the mechanic contracts, not with the owner, but with the contractor, the kind of work and material must be set out. Lee *v.* Burke has been followed in several later cases, one of which, Gray *v.* Dick, 1 Out. 142, was decided in the Eastern District in February. The claim as filed, however, sets out a contract with the owners. The bill of particulars is against Michael S. Harnish, who is charged in the claim as one of the owners. The contract offered in evidence is between the plaintiff and Harnish only. The case was tried below upon the theory that Harnish was Keemer's agent, and executed the agreement as such. If this position is sustained by due proof, then the agreement is that of Keemer, the admitted owner. *Qui facit per alium facit per se.* I have been unable to find any evidence of authority for Harnish to bind Keemer by an agreement under seal. Yet if, with full knowledge, Keemer subsequently ratified it, he would be bound thereby and so would his building. There was no error in the answer of the court to the defendant's second point. None of the remaining assignments requires discussion.

> The judgment is reversed and a *venire facias de novo* awarded.

98　　9
215　　61

# McGettrick's Appeal.

An auditor appointed by the Orphans' Court to distribute the proceeds of a sale of realty belonging to an intestate, among his heirs, has power to inquire into and to pass upon the validity of a deed whereby the share of one of said heirs in said realty is assigned to a stranger.

May 3d 1881. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Appeal from a decree of the Orphans' Court of *Lancaster county*, distributing the proceeds of the real estate of John McGrann, deceased. Of May Term 1881, No. 14.

The material facts were as follows :—John McGrann died intestate, unmarried and without issue, leaving as one of his heirs-at-law a niece, Eleanor J. McGettrick. The real estate of the intestate was sold under an order of the Orphans' Court of Lancaster county, by a trustee appointed for that purpose to distribute the proceeds. Before the auditor, the share of said